IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>**ARA MACAO HOLDINGS, L.P.**,<br><br>Debtor. | Chapter 11<br><br>Case No. 3:18-bk-03615-PS<br><br>**ORDER GRANTING CHAPTER 11 TRUSTEE'S MOTION FOR AUTHORITY TO: (1) SELL BELIZEAN LAND; (2) REJECT RELATED EXECUTORY CONTRACTS; AND (3) PAY ASSOCIATED REAL ESTATE COMMISSION AND FINDER'S FEE**<br><br>Hearing Date: November 10, 2022<br>Hearing Time: 10:30 a.m.<br>Hearing Place: Courtroom 601/Zoom |

This matter came before the Court on November 10, 2022 at the hour of 10:30 a.m. for hearing on the *Chapter 11 Trustee's Motion for Authority to: (1) Sell Belizean Land; (2) Reject Related Executory Contracts; and (3) Pay Associated Real Estate Commission and Finder's Fee* [DE 512] (the "**Motion**"). The Chapter 11 Trustee (the "**Trustee**") appeared through counsel S. Cary Forrester, of Forrester & Worth, PLLC. The Official Committee of Unsecured Creditors (the "**Committee**")

appeared through counsel Patrick A. Clisham, of Engelman Berger, P.C. The Office of the United States Trustee appeared through counsel Edward K. Bernatavicius. Other appearances, if any, are as noted on the record.

The Court has considered the Motion, the representations of counsel, and the record before it and finds that the Motion was duly noticed to creditors and interested parties, the deadline for objections has passed, and the only objections were filed by Joel Dorgan on August 1, 2022 [DE 520] (the "**Dorgan Objection**") and Juan Pedro Rodriguez on September 13, 2022 [DE 546] (the "**Rodriguez Objection**"). Based upon the foregoing, and good cause appearing,

**THE COURT HEREBY FINDS AND CONCLUDES AS FOLLOWS**:

**Predicates for Relief**.

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b) and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. The predicates for the relief sought in the Motion are 11 U.S.C. §§ 105(a), 330, 363(b), (f), and (m), 365, and 503(b)(1)(A), Rules 2002, 2016, 6004, and 6006, Federal Rules of Bankruptcy Procedure, and Rule 6004-1, Local Rules of Bankruptcy Procedure.

**The Estate's Real Property in Belize**.

3. Debtor Ara Macao Holdings, L.P. ("**AMH**") holds equitable title to approximately 616.5 acres of land on the Placencia Peninsula, Stann Creek District, Belize, CA (the "**Land**"), which is more fully described as follows:

> ALL those pieces or parcels of land being Block A comprising 381.014 acres, Block B comprising 134.336 acres, Block C comprising 58.249 acres and Block D comprising 42.906 acres situated South of Riversdale in the Blair Atoll area

on the Placencia Peninsula, Stann Creek District of Belize in name of Mackinnon Belize Land & Development Limited.

4. AMH, acting through its general partner, ioVest Development, LLC, ("**ioVest**"), acquired the Land from MacKinnon Belize Land & Development, Ltd. ("**MBLDL**") in 2004.

5. AMH paid the purchase price for the Land over approximately three years, with the final payment being made in 2007. It did not take title to the Land, however, which remains with MBLDL pending execution (or re-execution) of the transfer documents, payment of the applicable stamp duty, and certain related ministerial acts.

**The Trustee's Marketing Efforts**.

6. The Trustee retained John Viggers of Cushman & Wakefield Iowa Commercial Advisors ("**Cushman**") to assist him in marketing the Land. The order approving Cushman's engagement was entered on October 28, 2020 [DE 430].

7. Cushman retained the services of Real Capital Markets ("**RCM**") to assist with its internet marketing efforts. Cushman uploaded due diligence materials and a promotional pamphlet to a newly created RCM website, where the promotional pamphlet could be viewed by anyone and the due diligence materials could be viewed by those who signed confidentiality agreements. The RCM website went active on February 4, 2021 and an email was sent to 9,735 investors chosen by RCM from its data base as being most likely to be interested in the Land. The website has now had more than 3,917 views from the U.S. and 182 from foreign countries.

8. Cushman also marketed the Land directly to many marina developers and owners, both in the U.S. and internationally, and via Crexi to a broad range of brokers and investors across the U.S., with 9,615 Impressions, including 374

visitors to the web page. Cushman also marketed the Land directly to all known local real estate agents within Belize.

9. Mr. Viggers toured the Land and surrounding areas with the Trustee in April of 2021, met with representatives of Boris Mannsfeld & Associates ("**BMA**"), the largest real estate broker on the Peninsula, discussed marketing strategies, and encouraged BMA to solicit and submit offers from its clients.

10. In March of 2022, the Trustee, in an effort to boost his marketing activities, entered into an agreement with BMA, pursuant to which he agreed to pay BMA a finder's fee equal to 4% of the sales price if a sale to a purchaser introduced by BMA actually closes. The Finder's Fee Agreement was approved by the Court on March 24, 2022 [DE 505].

**The Purchase Contract**.

11. On July 11, 2022, the Trustee entered into a contract for the sale of the Land (the "**Purchase Contract**") to Jisheng Song, or his nominee ("**Buyer**"), for the cash purchase price of $5.8 million. The Buyer was introduced to the Trustee by BMA.

12. A copy of the Purchase Contract is attached as Exhibit "A" to the Motion.

13. On or about July 12, 2022, the parties entered into an Addendum to the Purchase Contract (the "**First Addendum**") which designated Arizona Escrow & Financial Corporation as the escrow agent and authorized it to deduct its fees from the earnest money deposit. A copy of the First Addendum is attached to the Notice of Filing Addenda to Purchase Contract filed by the Trustee on November 9, 2022, as Exhibit "A".

14. On or about November 9, 2022, the parties entered into a Second Addendum to the Purchase Contract (the "**Second Addendum**" and, together with the First Addendum, the "**Addenda**") which, among other things, obligates

the Trustee to pay one-half of any second stamp duty, up to the amount of US $240,000, in the event that the government of Belize charges two stamp duties on the transfer of the Land. It also clarifies when the balance of the purchase price and any additional amounts required to be paid by Buyer would be due. A copy of the Second Addendum is attached to the Notice of Filing Addenda to Purchase Contract and Related Closing Documents filed by the Trustee on November 10, 2022, as Exhibit "B".

15. All further references to the Purchase Contract shall refer to the Purchase Contract as modified by the Addenda.

16. The assets to be sold include the Land and any and all rights, powers, and privileges appurtenant to the Land, including without limitation, any water rights, rights to utility services, development rights, entitlements, and rights under recorded covenants, conditions and restrictions encumbering the Land (collectively the "**Property**").

17. The Purchase Contract provides that the sale of the Property is to be free and clear of all pledges, liens, security interests, encumbrances, claims (as defined in Section 101(5) of the Bankruptcy Code), charges, options, and interests on and/or against the Land, other than those approved by Buyer ("**Permitted Exceptions**").

18. The Purchase Contract provides that the sale of the Property is to be on an "as is, where is" basis, without representation or warranty, express or implied, of any kind, nature, or description by the Trustee, his agents, or the estate except as otherwise set forth in the Purchase Contract.

19. The Property has been thoroughly exposed to the market and the sales price, US $5.8 million, accurately reflects the fair market value of the Property.

**Escrow, Buyer's Due Diligence, and Title Review**.

20. Escrow was opened with Arizona Escrow & Financial Corporation on or July 15, 2022, at which time Buyer made an earnest money deposit in the total amount of $201,285.00.

21. The due diligence period and Buyer's title review period expired on October 13, 2022. Buyer made limited objections to title, which were resolved as follows: (a) the parties agreed that no funds would be paid out of escrow until MBLDL had signed all documents necessary to the transfer of title and delivered them to the closing agent; (b) ioVest Development, LLC, an Illinois limited liability company, signed a deed of acknowledgment and release whereby, among other things, it released any interest in the Property; (c) Ara Development, Ltd., Debtor's wholly owned subsidiary, signed a deed of acknowledgment and release whereby, among other things, it released any interest in the Property; (d) Ronald Deaton signed a deed of acknowledgement and release whereby, among other things, he released any equitable interest that he may have in Lots 6, 7, and 49 of the Land in return for a payment of US $100,000 to be paid at the close of escrow; and (e) the Trustee agreed to pay, from his share of the escrow proceeds, one-half of any second stamp duty, up to the amount of US $240,000, in the event that the government of Belize charges two stamp duties on the transfer of the Land.

**The Motion and the Sale Procedures Motion.**

22. On July 11, 2022, the Trustee filed the Motion. A copy of the Purchase Contract was attached as Exhibit "A." At the same time, he filed the *Chapter 11 Trustee's Motion to Approve Sale Procedures Relating to his Motion for Authority to: (1) Sell Belizean Land; (2) Reject Related Executory Contracts; and (3) Pay Associated Real Estate Commission and Finder's Fee* [DE 513] (the "**Sale Procedures Motion**").

23. On August 11, 2022, after notice and a hearing, the Court entered its *Order Granting Chapter 11 Trustee's Motion to Approve Sale Procedures Relating to his*

*Motion for Authority to: (1) Sell Belizean Land; (2) Reject Related Executory Contracts; and (3) Pay Associated Real Estate Commission and Finder's Fee* [DE 526] (the "**Sale Procedures Order**").

24. The Sale Procedures Order, among other things, established procedures for submitting and evaluating competitive bids for the Property. The procedures afforded a full and fair opportunity for prospective purchasers to make competitive bids.

**Notice to Creditors and Interested Parties**.

25. As required by Rule 6004, Federal Rules of Bankruptcy Procedure, and Rule 6004-1, Local Rules of Bankruptcy Procedure, the Trustee provided notice by first class mail of the proposed sale, the opportunity to make higher and better offers, and the bidding procedures to: (a) all those on the Master Mailing List; (b) all parties known or believed by the Trustee to have an interest in the Property; (c) all parties asserting liens, claims or interests in the Property and their counsel, if known; and, (d) all parties to the Executory Contracts.

26. Notice was provided to all those on the Master Mailing List on August 15, 2022 [DE 529 and 533]. Between August 15, 2022 and August 31, 2022, the Trustee also provided notice by email to Chris Moguel, Jose Bacera, Ed Rohn, Jerry Tokoph, Lloyd Harvey, Tom Pugh, David Kafka, Joel Jackson, Boris Mannsfeld, Frik de Meyer, and Jim Pielemeier, all of whom had previously expressed an interest in acquiring the Property on behalf of themselves or their clients.

27. The notice described in Paragraphs 24-25, above, is good and sufficient under the circumstances, complies in full with all notice requirements arising under the Federal Rules of Bankruptcy Procedure and applicable authority, and no other or further notice is necessary to obtain the relief requested by the Motion.

### No Higher and Better Offers

28. The Sales Procedures Order established a deadline of October 17, 2022, for submitting higher and better offers. The Trustee complied with the Sales Procedures Order but no competitive bids were received by the deadline, or thereafter. Accordingly, Buyer is the Successful Bidder.

### Rejected Executory Contracts.

29. AMH raised money, in part, by pre-selling a number of lots and condominium units on the Land for a total of approximately $7.4 million. The contracts for the purchase of the lots and condominium units are referred to as the "**Executory Contracts**".

30. Approximately sixty-four Executory Contracts remain. They are detailed in Debtor's Schedule G, filed on May 30, 2018 [DE 89], and the counterparties are included on the Master Mailing List in this case.

31. The Purchase Contract calls for the rejection of the Executory Contracts, except as otherwise directed by Buyer prior to the entry of this order (the "**Sale Order**"). Buyer has designated no executory contracts to be assumed and assigned.

### Liens Against the Property.

32. The only known lien against the Property, other than real estate taxes, is held by the law firm of Barrow & Williams. It secures an obligation for unpaid legal fees in the principal amount of approximately $185,247.25. The lien is to be satisfied at the close of escrow.

33. There are no other known liens against the Property. However, on September 27, 2019, Ronald Deaton ("**Deaton**") took judgment against Ara Development, Ltd., Debtor's wholly-owned subsidiary, in the Supreme Court of Belize, Claim No. 190 of 2019, in the amount of US $250,000, together with costs in the amount of US $35,000, and together with accruing interest (the "**Deaton**

**Judgment**"). The Deaton Judgment provides, among other things, that Deaton is vested with equitable title to Lot 49 of the approved subdivision of the Land. Deaton has agreed to accept US $100,000, to be paid at the close of escrow, for the release of any equitable interest he may have in the Property.

**General.**

34. The sale of the Property is an appropriate exercise of the Trustee's business judgment and is in the best interests of the Debtor, the estate, its creditors, and its equity holders.

35. The Purchase Agreement was negotiated, documented, and entered into by the Trustee and the Buyer without collusion or fraud, at arm's length, and in good faith within the meaning of 11 U.S.C. § 363(m), and the Buyer is entitled to the protections afforded good faith purchasers by § 363(m).

36. Buyer is not an "insider" or "affiliate" of Debtor as those terms are defined in the Bankruptcy Code, and no common identity of incorporators, directors, officers or equity-holders exist between Buyer and Debtor. Pursuant to the Purchase Agreement, Buyer is not holding itself out to the public as a continuation of Debtor. The sale does not amount to a consolidation, merger, or *de facto* merger of Buyer and Debtor and/or Debtor's estate, there is no substantial continuity or "continuity of enterprise" between Buyer and Debtor, Buyer is not a mere continuation of Debtor or Debtor's estate, and Buyer does not constitute a successor to Debtor or Debtor's estate.

37. Except as expressly provided to the contrary in the Purchase Agreement, Buyer's acquisition of the Property shall be free and clear of any "successor liability" claims of any nature whatsoever, whether known or unknown, and whether asserted or unasserted as of the closing of the sale.

38. Good cause exists for granting the relief requested in the Motion.

**ACCORDINGLY, IT IS HEREBY ORDERED**, as follows;

A. Overruling the Dorgan and Rodriguez Objections;

B. Granting the Motion and authorizing and approving the sale of the Property to Buyer, pursuant to 11 U.S.C. §§ 363(b), (f) and (m), in accordance with the terms of the Purchase Contract, for the cash purchase price of $5,800,000.00, and authorizing the Trustee to execute and deliver all documents and perform all acts necessary or desirable to consummate the transactions contemplated by the Purchase Contract;

C. Ordering that, pursuant to 11 U.S.C. §§ 363(b), (f) and (m), the Property is to be sold to Buyer free and clear of all pledges, liens, security interests, encumbrances, claims (as claim is defined in Section 101(5) of the Bankruptcy Code), charges, options, and interests on and/or against the Property including, without limitation, the liens, claims and interests described above, with all such liens, claims, and interests to attach to the proceeds of sale with the exception of the amounts owing to Barrow & Williams and Ronald Deaton, as described above, which shall be paid at close of escrow;

D. Ordering that, except as expressly provided in the Purchase Contract, neither Buyer nor the Property will have any obligation or liability for any of the indebtedness, liabilities, or other obligations of the Debtor or the estate (including based on successor liability or similar theory) or be subject to any tax liability of Debtor or the estate except for outstanding real estate taxes and any transfer tax liability or stamp duty that may be incurred as a result of the transfer of title of the Property to Buyer, which shall be paid at the close of escrow;

E. Finding that Buyer is a good faith purchaser within the meaning of 11 U.S.C. § 363(m) and is entitled to the protections afforded good faith purchasers by § 363(m);

F. Approving the payment of a real estate commission to Cushman equal to 4% of the gross purchase price, pursuant to 11 U.S.C. §503(b)(1)(A), and authorizing Cushman to share the commission with Buyer's broker, BMA. The commission is to be paid at the close of escrow;

G. Approving the payment of a finder's fee to BMA equal to 4% of the gross purchase price, with such commission to be paid at the close of escrow;

H. Waiving the fourteen-day stay provided by Bankruptcy Rule 6004(h); and,

I. This Order shall be binding on the Buyer, the Trustee, the Debtor, its bankruptcy estate, all creditors, and all parties in interest.

*-- SIGNED AND DATED ABOVE --*